# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>LAURA ELDRIDGE, *et al.*,<br>　　　　　　　　　Respondents. | Case No.:  20-cv-01518-BAS-KSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

On August 5, 2020, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.)  On September 22, 2020, the Court dismissed this case without prejudice because Petitioner failed to satisfy the filing fee requirement. (ECF No. 2.)  In the dismissal order, Petitioner was notified that in order to have this case reopened he had to either pay the filing fee or provide adequate proof of his inability to pay, no later than October 30, 2020. (*See id.* at 1.)  On October 5, 2020, Petitioner filed a request to proceed in forma pauperis ("IFP"). (Mot. for Leave to Proceed IFP ("Motion for IFP"), ECF No. 3.)

## I.    MOTION FOR IFP

Petitioner's Motion for IFP includes a copy of his trust account statement, indicating Petitioner has $0.33 on account at the San Diego County Jail, where he is presently confined. (*See id.* at 7.)  Because Petitioner cannot afford the $5.00 filing fee, the Court **GRANTS** Petitioner's Motion for IFP and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.  The Clerk shall file the Petition without prepayment of the filing fee.

## II. SUCCESSIVE CLAIMS

The Petition must be dismissed, however, because it includes successive claims related to Petitioner's original 2010 conviction in San Diego Superior Court Case No. SCS 215653, which has already been reviewed on federal habeas. Specifically, on May 17, 2013, Petitioner filed in the Southern District of California a Petition for Writ of Habeas Corpus in challenging his conviction in San Diego Superior Court Case No. SCS 215653. (*Dunsmore v. Beard*, No. 13-cv-1193-GPC-PCL, ECF No. 1.) On August 10, 2015, the Court denied the petition on the merits. (*See id.*, ECF No. 115.) Petitioner appealed that determination and on February 16, 2016, the Ninth Circuit Court of Appeals declined to issue a Certificate of Appealability. (*See id.*, ECF No. 131; *Dunsmore v. Harris, et al.*, No. 15-56308 (9th Cir. Feb. 16, 2016), Dkt. No. 25.)

It appears, based on claims one and two in the Petition, that Petitioner is, at least in part, seeking to challenge the same 2010 conviction that he challenged in his prior federal habeas petition.[1] Among the allegations contained in claims number one and two of the instant Petition, Petitioner contends his defense counsel was ineffective during Petitioner's 2010 trial and that the prosecutor withheld exculpatory evidence during his 2010 trial. (*See* Pet. at 5–14, 18–24.)

Unless a petitioner shows that an Order has been obtained from the appropriate court of appeals authorizing the district court to consider a successive petition, a petition raising successive claims may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.[2]

---

[1] Petitioner also filed a petition for writ of habeas corpus, challenging the same San Diego Superior Court conviction, on January 24, 2018, which this Court dismissed as successive on January 31, 2018. (*See Dunsmore v. Martel*, No. 18-cv-0172-H-PCL (S.D. Cal. 2018), ECF No. 7.)

[2] The Court notes that it appears Petitioner filed an application for authorization to file a second or successive habeas corpus petition with the United States Court of Appeals for the Ninth Circuit. The Court takes judicial notice of the Order filed in the case. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*,

## III. ABSTENTION

To the extent Petitioner argues his Petition is not successive because it includes claims that are unrelated to his 2010 trial and conviction, those claims are subject to dismissal under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (finding that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Therefore, absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

It appears all three of these criteria are satisfied here. In grounds three and four, Petitioner appears to contend the California Court of Appeal ordered him resentenced on October 8, 2019. (*See* Pet. at 25–27, 29–30.) It appears Petitioner is now in custody at the San Diego County Jail awaiting that resentencing. (*See id.* at 1.) Petitioner also argues in these grounds that his rights are being violated, at least in part, with regard to his

---

682 F.3d 1126, 1131–32 (9th Cir. 2012) (a court may take judicial notice of "documents on file in federal or state courts"); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . ."). On July 27, 2020, the Ninth Circuit issued an Order in which the panel noted that some of the claims alleged in the application appeared to relate to Petitioner's resentencing following an October 8, 2019 remand from the California Court of Appeal. (*See Dunsmore v. Eldridge*, No. 20-71281, *1 (9th Cir. July 27, 2020), Dkt. No. 3.) The Ninth Circuit panel noted that, while claims related to Petitioner's resentencing may not be successive, it was unclear whether Petitioner had yet been resentenced. (*See id.*) The Ninth Circuit stated, "We decline to transfer the application to the district court because it is unclear whether the state trial court has entered new judgment." (*Id.* at 1–2.) The panel further stated that "if the applicant seeks to challenge the new judgment, he must file a § 2254 petition which complies with the procedural requirements of 28 U.S.C. §§2244(d) and 2254." (*Id.* at 2.)

resentencing, as opposed to his original 2010 conviction. (*See id.* at 25–27, 29–30.) However, it does not appear that Petitioner has raised those claims in state court, nor is it clear that Petitioner has been resentenced. As such, the state court proceedings related to Petitioner's resentencing appear to be ongoing.[3] Further, there is no question that the state criminal proceedings and the recalculation of Petitioner's sentence involves important state interests and will afford Petitioner an adequate opportunity to raise federal issues.

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## IV.  CONCLUSION

For the foregoing reasons, the Petitioner's Motion for IFP (ECF No. 3) is **GRANTED** and the Petition is **DISMISSED** without prejudice because it contains claims which are barred under the prohibition against successive habeas petition. Furthermore, to the extent some claims that appear to relate to ongoing proceedings concerning his resentencing in state court, this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

**DATED: November 2, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[3] If Petitioner has indeed been resentenced, the Court notes that he must still exhaust state judicial remedies before bringing any claims related to the state court's decision in federal court pursuant to 28 U.S.C. § 2254. To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).