# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>         Petitioner,<br><br> v.<br><br>LAURA ELDRIDGE, *et al.*,<br><br>         Respondents. | Case No. 20-cv-01518-BAS-KSC<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

This matter is before the Court on limited remand from the Ninth Circuit to grant or deny a certificate of appealability ("COA") as to Petitioner Darryl Dunsmore's Notice of Appeal of this Court's Order dismissing his habeas petition. (ECF No. 11.) For the foregoing reasons, the Court **DECLINES** to issue a COA.

## I. BACKGROUND

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On November 2, 2020, the Court granted Petitioner's motion to proceed in forma pauperis but dismissed the Petition for two reasons. (ECF No. 4.) First, the Court found that the Petitioner included successive claims related to Petitioner's original 2010 conviction in San Diego Superior Court, for which Petitioner had filed a federal habeas petition in 2013. (*Id.* at 2.) The court denied this petition on the merits, the Ninth Circuit declined to issue a certificate of appealability on appeal, and Petitioner did not show that he had obtained authorization for a successive petition. (*Id.*)

Second, the Court concluded it is barred from considering Petitioner's claims under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 3.) The Court reasoned this doctrine bars consideration of Petitioner's claims because his criminal case is still ongoing in state court, the state criminal proceedings involve important state interests, and Petitioner failed to demonstrate he had not been afforded an adequate opportunity to raise his claims in the state proceeding. (*Id.* at 3–4.) Further, Petitioner had not demonstrated extraordinary circumstances that would relieve the Court of its obligation to abstain from ongoing state criminal proceedings. (*Id.* at 4.) Thus, the Court dismissed the Petition without prejudice. (*Id.*)

On November 16, 2020, Petitioner appealed the Court's dismissal of his Petition. (ECF No. 7.) On November 30, 2020, the Ninth Circuit issued an order noting that this Court had not issued or declined to issue a COA and remanding this case for the limited purpose of doing so. (ECF No. 11.)

## II.  DISCUSSION

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court articulated a two-part standard governing the issuance of a certificate of appealability when a district court denies a habeas petition on procedural grounds. The Court stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [COA] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

Here, the Court dismissed the Petition because it included successive claims and because the Court is barred from considering Petitioner's claims based on *Younger* abstention. Given that the Court did not reach the merits of Petitioner's claims, the Court's decision constitutes a dismissal on procedural grounds. *See Slack*, 529 U.S. at 484; *accord Strickland v. Wilson*, 399 F. App'x 391, 395 (10th Cir. 2010) (noting dismissal based on *Younger* abstention was a dismissal on procedural grounds for certificate of appealability purposes); *Small v. Milyard*, 488 F. App'x 288, 291 (10th Cir. 2012) (characterizing a finding of unauthorized successive claims as a "procedural conclusion").

In applying the two-part standard mentioned above, the Court finds issuing a certificate of appealability from its order of dismissal is not appropriate. Reasonable jurists would not find debatable the Court's conclusions that (1) the petition does not state a valid claim of the denial of a constitutional right and (2) this Court's procedural rulings regarding *Younger* abstention and successive claims were correct. *See Slack*, 529 U.S. at 484. Thus, the Court declines to issue a COA from its order dismissing the Petition without prejudice. *See* 28 U.S.C. § 2253(c).[1]

### III. CONCLUSION

In sum, in response to the Ninth Circuit's order (ECF No. 11), the Court **DECLINES** to issue a certificate of appealability from its order dismissing the Petition without prejudice.

**IT IS SO ORDERED.**

**DATED: February 10, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[1] Petitioner also appealed the Court's Notice and Order of Document Discrepancies rejecting his Motion for a New Trial. (ECF No. 10.) It is not clear to the Court that this order is appealable. *See United States v. Durrani*, 320 F. App'x 585 (9th Cir. 2009). However, assuming an appeal is possible, the Court's analysis applies with equal force to this second notice of appeal.